IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                        CRIMINAL ACTION NO. 3:19cr2-TSL-LRA

YOLUNDA SHAUNDERES WALKER                DEFENDANT

## **REPORT AND RECOMMENDATION OF**
## **UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE came before the undersigned United States Magistrate Judge on the 28th day of June 2019, and on the 1st day of July, 2019, at the Thad Cochran Federal Courthouse in Jackson, Mississippi, upon referral by District Judge Tom S. Lee. Defendant was represented at both hearings by attorney Damon Stevenson. The hearing was conducted under the authority of 18 U.S.C. § 4241 for the purpose of determining whether or not Defendant is competent to stand trial under federal law.

## **Procedural Background**

Defendant was arrested on February 5, 2019, for violations of 18 U.S.C. sections 922(a)(6); 924(a)(1)(A); and 18 U.S.C. 922(g)(3), charged with making false statements in connection with acquisition of firearm from a licensed dealer; false statements with respect to the information required by Chapter 44 of the United States Code; and, possession, receipt, or transport of firearm or ammunition by prohibited persons. She was indicted for those crimes on January 8, 2019.

On February 27, 2019, the undersigned entered an Agreed Order [21] granting Defendant's motion for a psychiatric examination and directing that Defendant undergo a

1

mental health examination in accordance with the provisions of Sections 4241, 4242, and 4247, Title 18, United States Code [#9]. Defendant underwent the examination from March 25, 2019, through April 26, 2019, at the Carswell Federal Medical Center in Fort Worth, Texas. The results of the examination are set forth in that report dated May 16, 2019, of Dr. Matthew Opesso, Psy.D., and Dr. Daniel D. Kim, Ph.D. [24].

## **Summary of the Evidence**

The Government proffered, without objection, a copy of the forensic evaluation completed by the staff at Carswell [24]. The examiners conclude that Defendant is competent to stand trial, stating:

> In our professional opinion, Ms. Walker is presently competent to stand trial. Although she may have engaged in conduct or made statements which caused the Court and her attorney to question her competency abilities, she does not appear to be suffering from a mental disease or defect that would render her unable to understand the nature and consequences of the proceedings against her or to assist in her own defense at the present time. She has a factual and rational understanding of the legal proceedings before her and has the capacity to communicate with her attorney with a reasonable degree of rational understanding, should she so choose.

[24, p. 10].

Defendant did not refute the examiners' opinions and both she and her counsel conceded that she understood the nature of the charges against her as well and the consequences. Defendant agreed with her attorney that she was capable and active in assisting him prepare her defense. The undersigned directed questions to Defendant regarding the nature of the pending charges and the roles of her attorney and the prosecutor, and she responded appropriately.

2

## **Applicable Legal Standard**

A criminal defendant may not be tried unless he is competent. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). The three-prong test for competence is well-settled and was established in the case of *Dusky v. United States*, 362 U.S. 402 (1960). A defendant (1) must have sufficient present ability to consult with his lawyer (2) with a reasonable degree of rational understanding, and (3) a rational as well as factual understanding of the proceedings against him. *Id.* It is not enough for the judge to find that "the defendant (is) oriented to time and place and (has) some recollection of events...." *Id.*

A fourth prong was added by the Court in *Drope v. Missouri*, 420 U.S. 162, 171 (1975): a defendant must be able "to assist in preparing his defense." Although past psychiatric problems are relevant, the question of competency is limited to the defendant's abilities at the time of trial. *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986), *cert. denied,* 479 U.S. 1036 (1987).

Federal law provides that if there is reasonable cause to believe a defendant may be incompetent to stand trial, the Court shall conduct a hearing to determine the issue under 18 U.S.C. § 4241. Regardless of who raises the issue, the Government has the burden of demonstrating by a **preponderance of the evidence** that the defendant is competent to proceed. *U. S. v. Hutson*, 821 F.2d 1914, 1917 (5th Cir. 1986) (emphasis added). In this case, the Government has demonstrated that Defendant Walker is competent.

3

**Findings of the Undersigned**

Having carefully considered this report and testimony, the undersigned finds that Defendant is competent to stand trial and that she is able to understand the nature and consequences of the proceedings against her and to assist in her defense.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of July 2019.

> S/ Linda R. Anderson
> UNITED STATES MAGISTRATE JUDGE